JOHN W. HUBER, United States Attorney (#7226)
TODD C. HILBIG, Assistant U.S. Attorney (#8643)
Attorneys for Defendants
111 S. Main Street, Ste. 1800
Salt Lake City, Utah 84111
(801) 524-5682
todd.hilbig@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARLENE L. EYRE, GARY J. EYRE,<br>    Plaintiffs,<br><br>vs.<br><br>JOHN W. HUBER, JEFF SESSIONS,<br>LAURA BROWN,<br>    Defendants. | Case No. 2:18-cv-00851-TC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE**<br><br>District Judge Tena Campbell |

On March 15, 2019, Defendants filed a Motion to Dismiss. The motion was fully briefed (*see* ECF Nos. 16, 17, 19, and 21). A hearing was held before the Court on July 31, 2019. Marlene L. Eyre and Gary J. Eyre appeared pro se, and Defendants were represented by Todd C. Hilbig. Based on the parties' written and oral arguments, the pleadings, and the relevant law, the Court enters the following Memorandum Decision and Order.

In the Complaint, Marlene Eyre ("Plaintiff") claims that on July 5, 2015, she was with her family in Bryce Canyon National Park, walked backwards on a paved path to take a photograph, stepped backwards off an 18 inch ledge onto the paved path below, and was injured. She did not fall to the ground but "… was able to remain upright." ECF No. 1, p. 4. Plaintiff alleges the National Park Service of the U.S. Department of the Interior was at fault for her

accident. Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and DUCivR 7-1(a)(1) of the Rules of Practice, Defendants moved for an order dismissing Plaintiffs' Complaint on the ground that Plaintiffs' claim is time barred.

Ms. Eyre's Federal Tort Claims Act ("FTCA") administrative claim was dated the latter part of June 2017. On October 26, 2017, the Intermountain Office of the Solicitor ("SOL") of the Department of the Interior mailed a letter denying the claim, which Plaintiff received a few days later. Federal law required Plaintiff to file a lawsuit within six months of October 26, 2017, or to ensure that the SOL received any request for reconsideration by Plaintiff within six months of October 26, 2017. 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. §§ 14.2(a), 14.9(b))

However, it was not until April 30, 2018, that SOL received Plaintiff's correspondence dated April 24, 2018 (and stamped April 26, 2018 with an expected delivery of April 28, 2018), requesting reconsideration of the claim ("Request for Reconsideration"). The Request for Reconsideration was denied by SOL on September 21, 2018, when SOL indicated that the determination of the claim could not be reconsidered because the request for reconsideration was received after April 26, 2018, the request for reconsideration was untimely, and the denial determination remained in effect as of the date it was mailed on October 26, 2017. Plaintiffs did not timely exhaust their administrative claim, a fatal defect. Belatedly, Plaintiffs filed suit in the United States District Court of Utah on October 30, 2018.

The three critical dates are October 26, 2017 when SOL mailed its denial of Plaintiff's first administrative claim; April 26, 2018 which was the statutory deadline for Plaintiff to file a lawsuit or, alternatively, for SOL to receive a written request from Plaintiff for reconsideration; and April 30, 2018 when SOL finally received Plaintiff's Request for Reconsideration. Plaintiff's

Request for Reconsideration is time barred because it was not received by the National Park Service (or its agency counsel, SOL) until the six month limitation period had already expired.

Therefore, this lawsuit is dismissed with prejudice as time-barred. For the additional reasons set forth below, Defendants' Motion to dismiss is GRANTED.

## DISCUSSION

### I.  Plaintiff's claim is time barred.

Plaintiff's claim is time barred because her Request for Reconsideration was not received by the SOL until after the limitation period had expired. That window began to run on the date of mailing the final denial, October 26, 2017, and expired six months later on April 26, 2018, the last day that receipt would have been timely. However, Plaintiff did not present the Request for Reconsideration to the agency until it was received on April 30, 2018.

As a prerequisite to suit, the FTCA requires that a "claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b). Section 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is . . . begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented". Within six months following notice of a "final denial," a claimant may either file suit in district court, 28 U.S.C. § 2401(b), or file a request for reconsideration with the agency, 28 C.F.R. § 14.9(b). If unsatisfied with the resolution of the request for reconsideration, a claimant has six months from the date of filing the request to bring suit in district court. 28 C.F.R. § 14.9(b).

The six month period of limitations (to file suit or request consideration) commences to run "after the date of mailing" of the final denial of the administrative claim, not the date on

which a claimant receives the notice of rejection of the claim. 28 U.S.C. § 2401(b); *see also* 28 C.F.R. § 14.9(a) ("Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail.").

A claim against the United States is forever barred unless it is "presented in writing to the appropriate Federal agency within two years after such claim accrues." Under the FTCA, federal regulations are clear when presentment occurs. It happens when the agency receives the claim. The applicable regulation, 28 C.F.R. § 14.2(a), applies to all federal agencies, and it states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95." 28 C.F.R. § 14.2(a).

The Tenth Circuit Court of Appeals has decided the issue whether a request for reconsideration, which the plaintiff mailed prior to the expiration of the six month limitation period, was timely when the agency did not receive the request until one day after the period expired. *Anderberg v. United States*, 718 F.2d 976 (10th Cir. 1983). The Tenth Circuit determined that it was the date that the agency received the request which was critical to the determination of timeliness, and that the act of mailing the notice did not constitute "presentment" to the agency. *Id.* at 976-77. The Court of Appeals affirmed the district court's dismissal. *Id.* at 977. The present case is almost identical to *Anderberg*. But in *Anderberg*, the plaintiff was one day late. In the instant case, Plaintiffs were four days late. *See also Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (reiterating that "a request for reconsideration is not presented to an agency until it is received by the agency" and "mailing of a request for reconsideration is insufficient to satisfy the presentment requirement"; and holding that it is the "[p]laintiff's burden to establish the proper agency's receipt of the request for reconsideration.")

## II. Pro se status does not absolve Plaintiff's obligation to strictly comply with statutory procedure.

In *McNeil v. United States*, 508 U. S. 106 (1993), the Supreme Court of the United States held that a lawsuit based on the Federal Tort Claims Act is barred if a plaintiff, even one not represented by counsel and in prison, untimely files the lawsuit. Adherence to the straightforward statutory command and a complete, or timely, exhaustion of the administrative claim are required before a lawsuit may commence.

> "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system [footnote omitted] and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command."

*McNeil*, 508 U. S. at 112.

In *McNeil*, the Supreme Court also concluded that pro se status does not excuse a plaintiff from the clear and strict procedural requirement to timely file an administrative claim as a prerequisite to filing a lawsuit which is the best guarantee of evenhanded administration of the law.

> "[G]iven the clarity of the statutory text, it is certainly not a 'trap for the unwary.' It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) [footnote omitted], and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison

5

authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. [footnote omitted]. As we have noted before, 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.' *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)."

*McNeil*, 508 U. S. at 113.

In the present case, Plaintiffs did not file a lawsuit by the deadline of April 26, 2018, and they failed in the alternative to ensure timely receipt by SOL of their request for reconsideration by April 26, 2018.

### III. The two rules Plaintiffs cite do not apply to their FTCA claim.

*i. Rule 6 is inapposite.*

Plaintiffs attempt to invoke Rule 6 of the Federal Rules of Civil Procedure which states, in part, as follows:

> "(a) The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> (1) when the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period.
>     * * *
> (d) When a party may or must act within a specified time after being *served* and *service* is made under Rule 5(b)(2)(C)(mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." (emphasis added).

FED. R. CIV. P. 6.

However, Rule 6 does not override or replace the timeliness requirements of the FTCA process outlined in 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.9(a-b). Plaintiffs wish to apply Rule 6 to exclude the day of the event that triggers the period and to add three days to the limitations statute. However, they cite no law in support thereof. It is simply Plaintiffs' personal "… opinion

6

that the Tenth Circuit Court erred in their determination since it did not take into consideration Rule 6…." Plaintiffs assert the circuit court of appeals erred in *Anderberg v. United States*, 718 F.2d 976 (10th Cir. 1983). ECF No. 17, p. 5.

Plaintiffs' subjective view flouts the Tenth Circuit reasoning and decision in *Anderberg*, which held that it was the date the agency received the request for reconsideration that was critical to timeliness (not the act of mailing the notice). If, for the sake of argument, Plaintiffs had elected to file a lawsuit before the six months expired (rather than a request for reconsideration), they would not be allowed to extend the limitations period by tacking on three additional days. Plaintiffs, of course, had to have filed a lawsuit by April 26, 2018. The limitations statute to file suit would not be impacted at all by Rule 6.

Rule 6 only applies after a lawsuit has commenced. In *Chandler v. United States*, 846 F. Supp. 51 (M.D. Ala. 1994), the district court rejected the plaintiff's argument for a three day extension under Rule 6 and deemed the plaintiff's suit untimely. The plaintiff filed her action six months and one day after the date of the denial letter. The court concluded that Rule 6 does not apply to § 2401(b), as follows:

> "A close reading of Rule 6(e) applies 'whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the *service* of a notice or other paper upon the party.' (emphasis added by the Court.). Under § 2401(b), however, the limitations period does not commence after *service* of notice. Instead, the six month limitations period commences 'after the date of *mailing* . . . of notice.' (emphasis added by the Court). Thus, an examination of the relevant language shows that Rule 6(e) and § 2401(b) are incompatible. * * * [T]he plain language of Rule 6(e) and § 2401(b), as well as the applicable precedent, supports the conclusion that Rule 6(e) does not apply to § 2401(b). * * * [T]he court holds that Rule 6(e) does not operate to extend the six month period plaintiff had to file her suit in this Court, and therefore, plaintiff's suit is time barred."

*Chandler*, 846 F. Supp. at 53.

Similarly, in *Velez-Diaz v. United States*, 507 F.3d 717 (1st Cir. 2007), the court of appeals held that the lower court properly dismissed the complaint. The administrative claim denial letter was dated April 19, 2005. In turn, the six-month deadline to file a lawsuit was October 19, 2005. The October 24, 2005 complaint was time-barred under 28 U.S.C. § 2401(b) of the FTCA because it was filed after the expiration of the six-month deadline. The plaintiff had argued that because the exhaustion letter was mailed, the plaintiff had "three extra days" under Rule 6 "to file their claim over and above the six month period provided in 28 U.S.C. § 2401(b)…." *Id*. at 719. However, the court of appeals rejected the plaintiff's argument, and held that Rule 6 only applies to an existing case after a lawsuit has commenced, as follows:

> "Rule 6(e), known as the 'mailbox rule,' says that '[w]henever a party must or may act within a prescribed period after service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire.' The rule is directed to parties acting within the framework of an existing case and relates to acts done 'after service.' Nothing in it qualifies or extends a limitations period that refers, as the FTCA does, to the date of mailing of an exhaustion letter."

*Velez-Diaz*, 507 F.3d at 719-720.

The appeals court also determined that not just the First Circuit, but "[o]ther circuits have rejected the claim that Rule 6 applies to such exhaustion letters." *Velez-Diaz*, 507 F.3d at 720 (citing *Clay v. United States, 199 F.3d 876, 880* (6th Cir. 1999); *Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir. 1985); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975)). In light of the foregoing, computation of the deadline in question has nothing to do with Plaintiffs' mailing the request for reconsideration. The cutoff date, rather, has everything to do with when the government agency received the request. Based on the statutes as interpreted by *Anderberg*

and *Moya*, Plaintiffs failed to timely exhaust their administrative claim. Because the request for reconsideration was belated, and because Rule 6 does not apply, Plaintiffs' lawsuit is dismissed.

*ii. 16 C.F.R. § 4.3 is inapposite.*

Plaintiffs reference an inappropriate section of the code of federal regulations. Plaintiffs also cite 16 C.F.R. § 4.3 to unwarrantedly pursue a three day extension. ECF No. 17, p. 4-5. This provision is inapplicable because Title 16, Chapter 1, Subchapter A, Part 4, codifies rules and procedures specifically dealing with Commercial Practices of the Federal Trade Commission. So, 16 C.F.R. § 4.3 has no bearing on an FTCA claim. Neither 16 C.F.R. § 4.3 nor Rule 6 overrule the holdings in *Anderberg* and *Moya* or apply to the specific requirements for processing an FTCA claim under 28 U.S.C. §2401(b) and 28 C.F.R. §14.9(b).

**IV.    Limitations imposed by the FTCA must be strictly construed.**

The Tenth Circuit has held that the limitations imposed by the FTCA must be strictly construed to ensure that the United States' sovereign immunity is abrogated only to the extent intended by Congress. *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 274–75 (10th Cir. 1991).

**V.     Ruling**

This lawsuit is time barred because the Request for Reconsideration by Plaintiffs is time barred. In summary, (1) the six month time period began on October 26, 2017 when the FTCA claim denial was mailed; (2) SOL received the Request for Reconsideration on April 30, 2018; (3) the time difference between October 26, 2017 and April 30, 2018 is six months and four days; and (4) Plaintiff exceeded the statutory time limit. Consequently, the October, 30, 2018 Complaint against the United States "shall forever be barred" because Plaintiffs did not begin their lawsuit "within the six months after the date of mailing [October 26, 2017] . . . of notice of final denial of

9

the claim…." 28 U.S.C. § 2401(b).

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 16) is GRANTED, and Plaintiffs' Complaint is DISMISSED with prejudice.

Dated this 6th day of September, 2019.

BY THE COURT:

_____
TENA CAMPBELL
United States District Court Judge